```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA
```

CHRISTOPHER MURPHY,            )
                               )
          Plaintiff,           )        4:05CV3076
                               )
     v.                        )
                               )
TERRY K. WATANABE and ANTHONY  )        MEMORANDUM AND ORDER
INFANTINO,                     )
                               )
          Defendants.          )
                               )

In the course of four short weeks this case has caused a flurry of motions, objections and briefs, all related to where the case should be tried. The defendants removed the case here from the District Court of Douglas County, Nebraska on March 23, 2005. They requested Lincoln as the place of trial, in accordance with NECivR 40.1(b). Plaintiff responded with a motion for "change of venue and designation of place of trial," filed on March 31. However, plaintiff's motion was not in accordance with NECivR 41.1(b), as it was not accompanied by an affidavit as required by that provision. Pouncing on the error, defendants filed a "reply brief" objecting to plaintiff's motion and also arguing that plaintiff further erred in failing to brief his motion, and further, that even if the case were tried in Omaha, it would remain assigned to Judge Kopf and the undersigned. Soon after, plaintiff filed a motion for extension of time to file affidavit in support of his designation of Omaha as place of trial. That motion was also resisted by defendants. Responding, plaintiff has now filed an "amended motion for change of venue and designation of trial," this time supported by a brief. I think I must intervene before this tennis match becomes too dizzying to comprehend.

Initially, I must comment that this dispute is not related to venue, at all.  Venue is a statutory matter dealing with the choice of districts in which a suit will be filed.  It is totally separate from the "designation of place of trial" within a particular district.  All of Nebraska is but one district, so the references to "venue" in the titles of the motions and elsewhere are misnomers.

Defendants are correct that the plaintiff did not abide by the local rule by failing to file an affidavit in his first filing.  Plaintiff did not err, however, in failing to brief the motion, as the motion did not raise any substantial issue of law and the relief requested is a matter of discretion.  NECivR 7.1(a)(1)(B).  That would be the end of it, were it not for the filing of plaintiff's amended motion.  However, the amended motion is not in compliance with Rule 40.1, as it attempts to exhume the former motion, giving the dispute further life.

It may be that this case should be tried in Omaha.  It certainly appears that plaintiff's assertions in the complaint would logically give rise to greater convenience for parties, witnesses and counsel.  However, at this point the actual witnesses--arguably the most important of the three categories of persons--are not known.  None of the documents filed names anyone other than the parties and counsel.  I think the matter of place of trial can be deferred until the questions of who and where the testifying witnesses are.  I shall therefore apply a different rule, NEGenR 1.1(c).  It says:

> Notwithstanding anything to the contrary, a judge of this court may deviate from these rules or from any other rules of procedures adopted by this court when the interests of justice will be served by such deviation. This rule shall be construed to take precedence over every other rule or procedure.

In other words, I have the authority to "do what's right." I conclude that at least in this instance, deciding the issue of place of trial adversely to the convenience of the parties, witnesses and/or counsel, even though the rules were not strictly followed, would not be appropriate.

IT THEREFORE HEREBY IS ORDERED:

1. Plaintiff's motion for change of venue and designation of place of trial, filing 8, is denied without prejudice to a re-examination of the issue once the likely testifying witnesses are known.

2. A motion for change of place of trial may be filed on or before the twentieth day prior to the deposition deadline eventually established for the case once the parties have completed a planning conference with the court pursuant to Fed. R. Civ. P. 16, and a trial date has been set.

3. In accordance with the above, the relief requested in filings 10, 11, 12, 13, 14 and 15 is denied.

DATED this 21st day of April, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge