```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

CHRISTOPHER MURPHY,            )
                               )
            Plaintiff,         )        4:05CV3076
                               )
      v.                       )
                               )
TERRY K. WATANABE and          )        MEMORANDUM AND ORDER
ANTHONY INFANTINO,             )
                               )
            Defendants.        )
                               )

    The parties have jointly, in their Rule 26 Planning Report, requested that the court defer the scheduling of this case pending disposition of motions to dismiss, as doing so will likely save them time and money in preparing the case for ultimate settlement or judgment.  I agree, but only to a point. Generally the court does not stay discovery or the sheduling of a case until ruling on motions to dismiss.  In order to expeditiously handle case management needs, however, sometimes it is in all parties' interest to delay discovery until such early motions, ruling on which may potentially significantly limit the claims, issues, parties, and/or discovery needs in the case. Such a stay should not go on for a long period, though, because witnesses' memories may fade, or documents may become unavailable.

    IT THEREFORE HEREBY IS ORDERED,

    1.  The parties are given until July 29, 2005 or until ten days following the court's ruling on the last pending motion to dismiss, whichever first occurs, to file their updated report of planning meeting.  At that time counsel should propose a scheduling order that supposes all motions to dismiss will be denied in their entirety, unless counsel have by then otherwise agreed.

2.  All parties shall make their Rule 26(a)(1) disclosures not later than June 15, 2005.  Until further order, all materials and information disclosed and all materials and information described but not actually disclosed by any party pursuant to Rule 26(a)(1)(B) shall be saved and safeguarded for production at a later time if the court so orders.  This includes all electronically produced or electronically stored information.  Counsel are responsible to ensure that each party, as well as third-party consultants or vendors that possess any such material on behalf of that party, is fully apprised of this order and that no data or information is to be destroyed, deleted, overwritten, recycled or otherwise made unavailable.

3.  Counsel shall immediately confer regarding the preservation of any electronically produced or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, and shall, by June 15, 2005, submit to the court their joint proposed order addressing:

> (a)  The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;
>
> (b)  The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;
>
> (c)  The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;
>
> (d)  Whether reasonable measures have been implemented to preserve such data;
>
> (e)  The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;
>
> (f)  The form and method of notice of the duty to preserve;
>
> (g)  Mechanisms for monitoring, certifying, or auditing custodial compliance;
>
> (h)  Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any

      procedures for the routine destruction or recycling of data storage media;

      (i)  Methods to preserve any potentially discoverable materials such as voicemail, active data in databases, or electronic messages;

      (j)  The anticipated costs of preserving these materials and how such costs should be allocated; and

      (k)  A procedure for modifying the preservation order as the case proceeds.

In the absence of agreement on these subjects, counsel shall provide their separate views on each matter in dispute to the undersigned.

    4.  Unless otherwise agreed by counsel, no deposition discovery or requests for production of documents or tangible things shall be taken or served until further order of the court. However, the parties may serve requests for admissions and interrogatories on one another.  In that regard, each party is permitted fifty interrogatories to any other party.

    DATED this 17th day of May, 2005.

                                    BY THE COURT:

                                    s/ *David L. Piester*
                                    David L. Piester
                                    United States Magistrate Judge